## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **FREDERICKA M. PROWELL,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:10-CV-2993-VEH |
| | ) |
| **THE STATE OF ALABAMA** | ) |
| **DEPARTMENT OF HUMAN** | ) |
| **RESOURCES, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

On September 5, 2012, the court granted summary judgment in favor of Defendants. (Docs. 82, 83). On November 13, 2012, Defendants filed a Bill of Costs (Doc. 87) (the "Bill") pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. The Bill seeks to tax $4,468.10 in costs against Plaintiff.

Pending before the court are Plaintiff's Objections to Bill of Costs (Doc. 88) (the "Objections") filed on December 17, 2012. In her Objections, Plaintiff requests the court to reduce any costs "to a maximum of $500.00." (Doc. 88 ¶ 11).

On January 15, 2013, Defendants filed their Response in Opposition to Plaintiff's Objections to Bill of Costs (Doc. 90) (the "Response"). For the reasons

stated below, the court sustains in part and otherwise overrules Plaintiff's Objections.

**II.    STANDARD**

Regarding costs Rule 54(d)(1) states in pertinent part:

> **(1) Costs Other Than Attorney's Fees.** Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--<u>should be allowed</u> to the prevailing party. . . . The clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1) (emphasis added).

Section 1920 specifies the categories of costs that are properly taxable under Rule 54(d)(1):

> A judge or clerk of any court of the United States may tax as costs the following:
>
>> (1) Fees of the clerk and marshal;
>>
>> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>>
>> (3) Fees and disbursements for printing and witnesses;
>>
>> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>>
>> (5) Docket fees under section 1923 of this title;
>>
>> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this

> title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

Rule 54(d)(1), as the Eleventh Circuit has explained, "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." *Chapman v. AI Transport*, 229 F.3d 1012, 1038 (11th Cir. 2000) (citing Fed. R. Civ. P. 54(d)(1)). Nonetheless, "[t]o defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Chapman*, 229 F.3d at 1039 (citing *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)).

### III.  ANALYSIS

#### A.  Transcript Costs

Plaintiff objects to the Bill because Defendants seek to recoup the costs for several transcripts in the collective amount of $4,305.40.[1] In their Response, Defendants stipulate to the reduction of their Bill by $30.00 for the expense related to a deposition travel transcript. (Doc. 90 ¶¶ 12-13). Accordingly, as voluntarily modified, Defendants now are requesting a total cost award of $4,438.10.

---

[1] This line item (Doc. 87 at 1) includes costs associated with obtaining deposition transcripts as well as a transcript from a motion hearing held on December 8, 2011.  (Docs. 39, 40).

As for the remaining transcript charges, Defendants, in sum, maintain that Plaintiff simply has not met her burden in contesting them. (Doc. 90 ¶ 8). Based upon controlling Eleventh Circuit authority, including the presumption favoring the recoupment of reasonable costs by a prevailing party, the court agrees, except as to $150.153 claimed for the transcript of the court's December 8, 2011, discovery motion hearing.

More specifically, Defendants point out that eleven out of the twelve depositions were noticed and taken by Plaintiff's counsel and only one (*i.e.*, Plaintiff's deposition) by them. (Doc. 90 ¶ 10). Defendants also argue that the expense attributable to the transcript of the discovery motion hearing held on December 8, 2011, was neither unnecessary nor unreasonable as, under the court's customary practice, such a transcript is made available pursuant to a party's request and payment for one from the court reporter. (*Id.* ¶ 17).

In *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600 (11th Cir. 2000), the Eleventh Circuit clarified that, regarding deposition transcripts, it does not matter if "the use of these depositions was minimal or that they were not critical to the [Defendants'] ultimate success." *Id.* at 621. Instead, the burden rests with the non-prevailing litigant to "demonstrate[] that any portion of the depositions was not 'related to an issue which was present in the case at the time the deposition was taken.'" *Id.* (quoting

*Independence Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 718 (N.D. Ill. 1982)). Thus, the court finds that the deposition transcript costs, as voluntarily reduced by Defendants, are due to be awarded to them.

As to the $150.35 cost of the transcript of the December 8, 2011, hearing, however, the court, in its discretion, finds that the Plaintiff's objection is due to be sustained. The hearing was prompted by the November 18, 2011, filing, by the Defendants, of a Motion for Protective Order and Motion to Quash Subpoena (doc. 25). That motion was denied by the court on December 8, 2011, and <u>a six page written order</u> setting out the court's basis for its ruling was entered <u>that same day</u>. (Order, doc. 31). The Defendants ordered a transcript of that hearing <u>two months later</u>, and then ordered the transcript <u>on an expedited basis</u>.[2] The transcript was only 31 pages long. As stated previously, the court's written order was six pages long. The Defendants have not offered, and the court can think not think of, any reason why its written order did not suffice (such that no transcript was needed), or why an expedited transcript was necessary two months after the hearing was held and the written order was entered. Therefore, Defendants' costs will be reduced by the cost of this transcript as well.

Accordingly, the court will tax Plaintiff with $4,125.05 in transcription costs.

---

[2] The court is aware that transcripts produced on an expedited basis are more expensive than ones that are not expedited.

5

## B.     Photocopying Costs

Plaintiff has failed to carry her burden in demonstrating why she should not be taxed $162.70 for Defendants' photocopying charges. Within the Eleventh Circuit, a successful litigant is entitled to recoup expenses incurred for "copies of papers necessarily obtained for use in the case." *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 n.2 (11th Cir. 1985).

"[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O*, 213 F.3d at 623. "'Copies attributable to discovery' are a category of copies recoverable under § 1920(4)." *Id.* (quoting *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989)). Expenses associated with "copies . . . presented to the trial court pursuant to the court's orders" and "copies of exhibits and documents . . . prepared for the court's consideration of the motion for summary judgment" are likewise recoverable. *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976).[3]

In support of their position on copying charges, Defendants have provided an affidavit (Doc. 87 at 3-4) and an underlying disbursement subsidiary report (*id.* at 87),

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

as well as substantial briefing. (*Id.* at 22-24; Doc. 90 at 5-7). In contrast, Plaintiff has not presented any persuasive points for disallowing Defendants' duplication expenses relating to discovery and summary judgment documentation. Accordingly, the court will award $162.70 in copying costs sought by Defendants.

### C.     Plaintiff's Financial Status

Citing to non-binding legal authorities (Doc. 88 ¶ 10), Plaintiff finally suggests that her "fragile" financial status should result in a reduction of costs awarded to Defendants. Regarding this court's consideration of Plaintiff's fiscal condition, the Eleventh Circuit has developed the following framework:

> We hold that a non-prevailing party's financial status is a factor that a district court <u>may, but need not</u>, consider in its award of costs pursuant to Rule 54(d). *See Smith v. Southeastern Penn. Transp. Auth.*, 47 F.3d 97, 100 (3rd Cir. 1995); *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir.1994). If a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, <u>it should require substantial documentation of a true inability to pay</u>. *See McGill*, 18 F.3d at 459 (non-prevailing party offered no documentary support, relying instead on "unsupported, self-serving statements"); *Cherry*, 186 F.3d at 447 (no reduction in cost award despite proof that plaintiff had "no independent income and owned no property in her own name" because she had "sufficient access to marital property" and a 401(k) plan).
>
> Moreover, when awarding costs a district court should not consider the relative wealth of the parties. Comparing the financial resources of the parties would unduly prejudice parties with assets and undermine "the presumption that Rule 54(d)(1) creates in prevailing parties' favor, and . . . the foundation of the legal system that justice is administered to all

equally, regardless of wealth or status." *Cherry*, 186 F.3d at 448; *see also Smith*, 47 F.3d at 100. Even in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all. *Cf. Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982) ("we hold that in no case may the district court refuse altogether to award attorney's fees to a prevailing Title VII defendant because of the plaintiff's financial condition," because "[a] fee must be assessed which will serve the deterrent purpose of the statute, and no fee will provide no deterrence."). <u>Subject to that restriction and to the requirement that there be clear proof of the non-prevailing party's dire financial circumstances before that factor can be considered, we leave it to the district court's discretion whether to do so in a particular case</u>.

*Chapman*, 229 F.3d at 1039 (emphasis added).

Here, the court rejects Plaintiff's request to reduce the award of costs based upon her claimed strained economic state because she has not offered "clear proof" substantiating her "dire" circumstances and related inability to pay. In particular, only relying upon evidence of Plaintiff's marital status and the size of her family (Doc. 88-3 at 5-6) without more,[4] is insufficient to show "a true inability to pay," especially in light of the undisputed fact that Plaintiff remains employed.

## IV.   CONCLUSION

Therefore, Plaintiff's Objections are hereby **SUSTAINED** as to $30.00 relating to the deposition travel transcript and $150.35 relating to the expedited transcript of the

---

[4] By way of example only, the record does not substantiate what financial assistance Plaintiff may be receiving from the father of her five children, or from other sources.

December 8, 2011, hearing, and are otherwise **OVERRULED**. Defendants are **HEREBY AWARDED** $4,287.75 in taxable costs against Plaintiff.

**DONE** and **ORDERED** this the 31st day of January, 2013.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge